UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 9:20-CV-82035-Matthewman

MICHAEL SIMPSON,

    Plaintiff,

v.

COMMUNITY ASPHALT CORP.,
a Florida Corporation,

    Defendant.
_____/

## JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT AND FOR DISMISSAL WITH PREJUDICE

Plaintiff, Michael Simpson ("Simpson"), and Defendant, Community Asphalt Corp. ("Defendant"), (collectively the "Parties"), hereby jointly stipulate to the voluntary dismissal with prejudice of this action in its entirety pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), subject to the Court's review and approval of the agreement ("Agreement") resolving Simpson's claims under the Fair Labor Standards Act ("FLSA"). The Parties jointly move the Court for entry of an Order approving the Agreement. A copy of the executed Agreement will be provided to the Court for *in camera* inspection.

**I.    Background**

Simpson asserts a claim for alleged unpaid overtime wages pursuant to the FLSA. Defendant denies Simpson's claim. Defendant asserts that Simpson was properly classified as an employee exempt from the overtime requirements of the FLSA. Simpson maintains that he worked overtime hours for which he was not paid.

During negotiations, the Parties laid out their respective positions on the facts and law.

Ultimately, to avoid the expense and uncertainty of litigation the Parties amicably settled their differences and negotiated and agreed on a settlement under the terms set out in the Agreement.

## II.     Legal Principles

There are two ways in which claims under the FLSA can be settled and released. First, 216(c) of the FLSA allows employees to settle and waive their FLSA claims if the payment of unpaid wages by the employer to the employees is supervised by the Secretary of Labor. *See* 29 U.S.C. 216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982).

Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the court with a proposed settlement and the court enters a judgment approving the fairness of the settlement. *Id.; see also Schulte, Inc. v Gandi*, 328 U.S. 108 (1946); *Jarrad v. Southeastern Shipbuilding Corp.*, 163 F.2d 960, 961 (5th Cir. 1947).

In addressing the circumstances justifying court approval of an FLSA settlement in the litigation context, the Eleventh Circuit has explained:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial contact. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable comprise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores*, 679 F.2d at 1354.

The settlement of Simpson's instant FLSA claims involves just such a situation in which the Court may approve the Parties' settlement to resolve and release Simpson's FLSA claims. The proposed settlement arises out of a claim by Simpson against his former employer, which is

adversarial in nature. *See Martin v. Spring Break '83 Prods., LLC*, 688 F.3d 247 (5th Cir. 2012) (finding *Lynn's Food Stores, Inc.* fairness concerns not implicated regarding settlement that occurred within the context of a lawsuit where a plaintiff employee is represented by counsel), *followed by Smith v. Tri-City Transmission Serv.*, 2012 U.S. Dist. LEXIS 119428 (D. Ariz. Aug. 23, 2012). Both parties were and are represented by counsel.

The Parties' settlement of the unpaid overtime wage claim is the result of a bona fide compromise between them on a variety of disputes of law and fact, including without limitation: (a) whether Simpson was properly classified as exempt from the overtime requirements of the FLSA, (b) the number of overtime hours the Simpson allegedly underreported each workweek, (c) whether Defendant's actions were non-willful, and (d) whether Defendant acted in good faith.

The following factors are typically considered by the Court in determining the reasonableness of the agreement:

> (1) the existence of fraud or collusion behind the settlement;
> (2) the complexity, expense, and likely duration of the litigation;
> (3) the stage of the proceedings and the amount of discovery completed;
> (4) the probability of plaintiff's success on the merits;
> (5) the range of possible recovery; and
> (6) the opinions of the counsel.

*Hamilton v. Frito-Lay, Inc.*, 6:05-CV-592-ORL-22JGG, 2007 WL 328792 (M.D. Fla. Jan. 8, 2007) *report and recommendation adopted,* 6:05-CV-592-ORL-22JGG, 2007 WL 219981 (M.D. Fla. Jan. 26, 2007).

As to the *first factor*, there is no fraud or collusion behind the settlement. Simpson, represented by counsel, made a claim for unpaid overtime wages against Defendant, also represented by counsel. Both parties are represented by counsel experienced in FLSA matters and routinely litigate labor and employment matters. The Parties have decided to resolve the claim only due to the disputed issues of facts and inherent risks of litigation. *Infra.*

As to the *second factor*, had Simpson pursued litigation, the claim resolved herein would have required the exchange discovery, depositions, and significant time and resources in preparation for trial, as well as trial attendance. Additionally, there is the possibility that the non-prevailing party may appeal the verdict, albeit the statistical possibility of an appeal cannot be presently ascertained. The expense of litigation to Defendant is far greater than the amount of the settlement.

As to the *third factor*, Simpson's claim was settled pre-discovery and at an early Court-ordered settlement conference, prior to either party's expenditure of significant legal fees for discovery or other items that incur fees in litigation.

As to the *fourth factor*, there are several disputed issues. With respect to the overtime claim, the Parties dispute: (a) whether Simpson whether Simpson was properly classified as exempt from the overtime requirements of the FLSA; (b) the number of overtime hours the Simpson allegedly underreported each workweek; (c) whether Defendant's actions were non-willful; and (d) whether Defendant acted in good faith. Thus, there is a *bona fide* dispute as to whether Simpson is owed any wages.

Additionally, Simpson contends the alleged FLSA violations lacked good faith and liquidated damages could be imposed. Defendant alleges it acted in good faith and that its actions or omissions were based on reasonable grounds for believing that it was not a violating the FLSA. Assuming, *arguendo*, Defendant's position is correct, Simpson would be precluded from recovering liquidated damages. Thus, Simpson's recovery, if any, could be limited to the unliquidated wage portion which, in turn, severely limits his damages.

As to the *fifth factor*, should Defendant have prevailed based on any of its defenses, Simpson potentially may have recovered far less than what he claims he is owed, not recovered

anything, or may have owed a cost judgment to the Defendant.  Should Simpson prevail, the Defendant may potentially fail on all defenses and be indebted to the Simpson for a judgment for wages, for part or the entirety of Simpson's claim, as well as an award for liquidated damages, and attorney's fees and costs. Consequently, the Parties recognize the inherent uncertainty in proceeding with a lawsuit for damages on Simpson's claim, the preoccupation of litigation, the investiture of additional time to litigate, and the additional expenditure of fees and costs that would accrue.  In recognition of these concerns and to avoid the expense and uncertainty of litigation, the Parties have agreed to resolve this action.

As to the *sixth factor*, undersigned counsel believes the Parties' settlement to be fair and reasonable.

Additionally, Simpson's attorneys' fees and costs were negotiated separately from the amounts claimed by Simpson for his underlying claims.  As the Court explained in *Bonetti v. Embarq Management Co.*, 2009 U.S. Dist. LEXIS 68075 at *11-12 (M.D. Fla. Aug. 4, 2009), where a "plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." *Bonetti*, 2009 U.S. Dist. LEXIS 68075 at *15-16.  The Parties respectfully submit that Simpson's counsel is receiving a reduced amount in attorneys' fees and costs.

The settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues.  Simpson and his counsel discussed the viability of his claims and formulated

his own proposed settlement figures. The Parties then continued to engage in settlement discussions based upon Simpson's calculations.

Simpson has waived service of process and has agreed to the entry of the Agreed Order attached hereto as **Exhibit 1**.

The Parties, through their attorneys, voluntarily agreed to the terms of their settlement during negotiations. All Parties were counseled and represented by their respective attorneys through the litigation and settlement process. The Agreement has been signed by the Parties.

### III. Conclusion

For these reasons, the Parties jointly request that this Court approve the Agreement and request that the Court dismiss this entire action with prejudice.

Respectfully submitted this 9th day of March 2021

| | |
|---|---|
| **ROBERT S. NORELL, P.A.** | **JACKSON LEWIS P.C.** |
| 300 N.W. 70th Street, Suite 305 | One Biscayne Tower, Suite 3500 |
| Plantation, Florida 33317 | 2 South Biscayne Boulevard |
| Telephone: (954) 617-6017 | Miami, Florida 33131 |
| | Telephone: (305) 577-7600 |
| By: */s/ Robert S. Norell* | |
| Robert S. Norell, Esq. | By: */s/ Naveen Paul* |
| Florida Bar No.: 996777 | Pedro Forment, Esq. |
| E-mail: *rob@floridawagelaw.com* | Florida Bar No.: 61026 |
| | E-mail: *pedro.forment@jacksonlewis.com* |
| | Naveen Paul, Esq. |
| | Florida Bar No. 98059 |
| *Counsel for Plaintiff* | E-mail: *Naveen.paul@jacksonlewis.com* |
| | *Counsel for Defendant* |

### CERTIFICATE OF SERVICE

I hereby certify that on March 9, 2021, I electronically filed the foregoing document and is being served on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Naveen Paul*
Naveen Paul, Esq.

4813-9677-2831, v. 2